UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATEEL SHARMA,<br>　　　Plaintiff,<br>　　v.<br>M. ELIOT SPEARMAN,<br>　　　Defendant. | Case No. 18-cv-03531-SK<br><br>**ORDER TO SHOW CAUSE**<br><br>Regarding Docket No. 1 |

Petitioner, a state prisoner currently incarcerated,[1] has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a conviction from Alameda County Superior Court.

## BACKGROUND

Petitioner was convicted by a jury of attempted murder and assault with a deadly weapon.[2] He was sentenced on October 31, 2014.

Petitioner unsuccessfully appealed his conviction to the California Court of Appeal and the Supreme Court of California, which on March 28, 2017 denied review of a petition allegedly raising the claims raised here.

## DISCUSSION

**A.　Standard of Review.**

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in

---

[1] Plaintiff does not state where he is incarcerated.
[2] It is not clear exactly what crimes Plaintiff was convicted of or for how long he was sentenced. Plaintiff only cites to the penal codes without any description of the crimes. His citations have typos. Plaintiff describes the number of years he was sentenced to, but then states that all sentences have been stayed. (Dkt. 1 at 10-11.)

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id*. § 2243.

**B.    Claims.**

Petitioner seeks federal habeas corpus relief by raising several claims for ineffective assistance of counsel. Liberally construed, the claims appear cognizable under § 2254 and merit an answer from respondent. *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe *pro se* petitions for writs of habeas corpus liberally).

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto upon the California Attorney General's Office, 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102.

2. Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner must serve and file an opposition or statement of non-opposition not more than 28 days after the motion is served and filed, and

///

///

respondent must serve and file a reply to an opposition not more than 14 days after the opposition is served and filed.

**IT IS SO ORDERED**.

Dated: July 20, 2018



SALLIE KIM
United States Magistrate Judge